## Durbin v. Durbin.

May 25, 1945.

V. R. Logan for appellant.

George McCombs for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE TILFORD— Reversing.

Appellant sued his wife, the appellee, for a divorce on the ground of one year's abandonment. The appellee, by counterclaim, sought an absolute divorce on the ground of cruelty, the custody of their infant son, and alimony in the sum of $2000, or, in the event she was denied a divorce, for support and maintenance for herself and the infant. The Chancellor dismissed the petition and granted the appellee an absolute divorce on the ground of one year's abandonment together with alimony

in the sum of $750 payable at the rate of $20 per month. Appellee was also awarded her costs, including an attorney fee, and the child was left in the custody of appellant's parents with whom it had resided at the time the action was instituted. This appeal is from that judgment, although no complaint is made as to the custody of the child or the attorney fee.

It is insisted by appellant that there was neither pleading nor proof justifying the Court in awarding appellee a divorce on the ground of one year's abandonment, since the counterclaim did not charge abandonment and the proof showed that she left his home. In this contention appellant is correct, but since we are without power to reverse a judgment granting a divorce, we are unable to remedy the error complained of.

In our view of the case, neither party was entitled to an absolute divorce on any ground, since the testimony showed that the separation was by mutual consent and failed to show that appellant treated his wife cruelly. There was considerable difference in their ages; she was ill of tuberculosis and with the consent of all concerned, went to her father's home for a rest, after which, she underwent an operation and was confined for a long period of time at a tuberculosis sanitarium. Her principal complaints are that he did not encourage her to return to the home which they had rented; that he did not provide for her with sufficient liberality; and did not facilitate her seeing her son on several occasions when she desired to do so. He, on the other hand, testified that she was high tempered, and that she announced when she left his home that she would never return or live with him again.

Taking all facts into consideration we think that neither party was wholly without fault, since he was not as thoughtful and attentive to her as he should have been considering the serious impairment of her health, which, doubtless was responsible for many of her shortcomings. Under these circumstances, though she was not entitled to an absolute divorce or alimony in a lump sum, she was entitled to a divorce from bed and board and maintenance which the Chancellor may vary as the circumstances of the parties may alter. Alderson v. Alderson, 240 Ky. 708, 42 S. W. 2d 928. In view of his present financial condition and physical disabilities, it

would seem that $20 per month would be a proper amount. Accordingly, the Chancellor will set aside so much of the judgment appealed from as adjudges appellee lump sum alimony, and in lieu thereof award her maintenance as herein indicated.

Judgment reversed.